**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| VS. | ) ) | 3:11-CV-00391-CWR-LRA |
| KOCH FOODS OF MISSISSIPPI LLC | ) ) | FIRST AMENDED COMPLAINT |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, and Title I of the Civil Rights Act of 1991 ("Title VII"), to correct unlawful employment practices on the basis of sex, national origin, race, and retaliation, and to provide appropriate relief to Aracely Calderon-Cortez (Calderon-Cortez), Ivone Castillo-Lopez (Castillo-Lopez), Idalia Domingo-Maldonado (Domingo-Maldonado), Agustin Barragan-Davalos (Barragan-Davalos), Mardoqueo Lopez-Lopez (Lopez-Lopez), Jose Rivera-Aranda (Rivera-Aranda), hereinafter collectively referred to as the Charging Parties, and an estimated 50 to 75 other Hispanic men and women (collectively referred to herein as "the Hispanic employees") who worked for Defendant Koch Foods of Mississippi LLC ("Koch") at the company's Morton, Mississippi poultry processing plant who were also subjected to unlawful employment practices on the basis of sex and/or national origin/race and/or retaliation during their employment.

Koch's unlawful practices adversely affected the Charging Parties and the Hispanic and female employees as a class. Plaintiff, the U.S. Equal Employment Opportunity Commission ("Commission"), alleges that Koch violated Title VII by subjecting the Charging Parties and

<mark> </mark><mark><mark /></mark><mark><mark /></mark><mark><mark /></mark><mark><mark /></mark><mark><mark /></mark>

other employees to harassment on the basis of sex (female) and/or national origin and/or race (Hispanic). The Commission alleges that the harassment included subjecting female and Hispanic employees to a hostile work environment based on sex (female) and/or national origin and/or race.  The Commission alleges that Koch knew, or should have known, of the unlawful misconduct and environment, and failed to take prompt preventive, corrective or remedial action. Further, the Commission alleges that the hostile work environment to which Koch subjected some Charging Parties and Hispanic employees culminated in tangible adverse employment actions. The Commission also alleges Koch retaliated against some Charging Parties and other employees because they, or a close family member, opposed Koch's unlawful conduct.  The Commission contends that Koch engaged in a pattern or practice of discrimination against the female Charging Parties and other employees because of their sex that was intended to deny to said employees the full enjoyment of the rights guaranteed by Title VII. Finally, the Commission contends that Koch engaged in a pattern or practice of discrimination against the Charging Parties and the Hispanic employees because of their national origin and/or race that was intended to deny to said employees the full enjoyment of the rights guaranteed by Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (f)(3), 42 U.S.C. § 2000e-6, and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     This Court has proper venue. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Mississippi.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1), 706(f)(3), and 707, of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and (6), as appropriate.

4. At all relevant times, Defendant Koch Foods, a Mississippi corporation, has been doing business in the City of Morton, Scott County, State of Mississippi. Koch is engaged in the business of processing, manufacturing, and supplying poultry food products for retail and food service operators.

5. At all relevant times herein, Defendant Koch Foods has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## CONDITIONS PRECEDENT TO SUIT

6. More than thirty days prior to the institution of this action, each of the Charging Parties filed charges with the Commission alleging violations of Title VII by Koch.

7. All conditions precedent to the institution of this lawsuit have been fulfilled, to-wit:

   a) Each of the Charging Parties filed timely charges of discrimination with the Commission;

   b) The Commission provided copies of the Charges to Defendant;

   c) The Commission issued Determinations regarding the allegations made by each of the Charging Parties, and pertaining to allegations of the class of employees who were also subjected to unlawful employment practices on the basis of sex and/or national

origin/race, and who were subjected to retaliation;

d)   The Commission provided copies of the Determinations to Defendant;

e)   The Commission made a good faith effort to eliminate the alleged unlawful employment practices by informal methods of conference, conciliation, and persuasion, which efforts proved unsuccessful. Specifically, the Commission's efforts included:

   i)   on September 30, 2010, EEOC extended a written invitation to Defendant to engage with EEOC in the conciliation process;

   ii)  on September 30, 2010, EEOC informed Defendant of the Commission's expectations for a conciliation agreement;

   iii) on February 1, 2011, EEOC convened a meeting with the Defendant and representatives for the Charging Parties and discussed various settlement ideas;

   iv)  EEOC determined it would be unable to secure from the Defendant a conciliation agreement acceptable to the Commission; and

   v)   EEOC provided Defendant written notice dated February 24, 2011 of the Commission's determination that conciliation had failed.

## STATEMENT OF CLAIMS

8.   Koch is a supplier of fresh and frozen poultry products for food service and retail operators across the nation and around the world.

9.   Koch's corporate headquarters is located in Park Ridge, Illinois.

10.  Koch operates in the Southeast and Midwest United States.

11.  Between 2004 and 2008, Defendant maintained poultry processing facilities in and around Morton, Mississippi.

12.  Between 2004 and 2008, Defendant continuously employed over 500 employees

13. Between 2004 and 2008, Koch employed the Charging Parties and the class of Hispanic employees in its Morton, Mississippi processing plant.

14. Koch employed the Charging Parties and the class of Hispanic employees in the debone area of the Morton plant.

15. Some of the Charging Parties were placed for employment through one or more employment staffing agencies.

16. Those individuals who were placed with Koch Foods by an employment staffing agency maintained a continuous relationship with Koch following their placement.

17. At all times, Koch Foods retained the right to:

a) hire and fire each Charging Party;

b) supervise each Charging Party;

c) assign work to each Charging Party;

d) modify each Charging Party's work schedules or assignments; and

e) control when, where, and how each Charging Party performed his or her job duties.

18. In the debone area, employees worked at stainless steel tables, removing bones, cutting, weighing, boxing, and refrigerating meat.

19. Between 2004 and 2008, the debone area was supervised by Mr. Jessie Ickom and other agents and employees of Koch Foods.

20. Mr. Ickom was a management employee and/or agent of Koch Foods.

21. Mr. Ickom exercised direct and immediate supervision and authority over each of the Charging Parties working in the debone area.

22. Mr. Ickom exercised direct and immediate supervision and authority over other Hispanic employees working in the debone area.

23. Between 2004 and 2008, Mr. Ickom and other employees and supervisors created an atmosphere of hostility, abuse and intimidation of the Charging Parties and other Hispanic employees based on their sex and/or national origin/race.

24. Koch management knew, or reasonably should have known, of the hostile work environment which existed in the debone area.

25. The harassing and hostile conduct based on sex and/or national origin/race directed to female Charging Parties and female employees at the workplace included, without limitation, the following actions:

a) Mr. Ickom frequently and regularly approached from behind one or more Hispanic female employees, including the female Charging Parties, and groped and rubbed their buttocks, thighs, and pelvic area.

b) Mr. Ickom engaged in unwanted touching of one or more of the female employees often – on a weekly or daily basis – and committed these actions with increasing frequency in 2008:

i) On more than one occasion, Mr. Ickom physically removed Charging Party Aracely Calderon-Cortez from the production line;

ii) On more than one occasion, Mr. Ickom took Ms. Calderon-Cortez from the production line to an isolated area of the plant where he attempted to sexually assault her;

iii) In one incident, Mr. Ickom groped Ms. Calderon-Cortez between her legs with so much force that she sustained physical injury for which she sought

      medical treatment;

      iv)    On more than one occasion, Mr. Ickom demanded that Aracely Calderon-Cortez persuade other female employees to have sex with him in exchange for money.

      v)    On at least one occasion in 2008, Mr. Ickom attacked Charging Party Ivone Castillo-Lopez in an isolated area of the plant, forcibly grabbing and groping her, and attempting to sexually assault her.

      vi)    On separate occasions in 2006 and 2008, Mr. Ickom attacked Charging Party Idalia Domingo-Maldonado in an isolated area of the plant, forcibly grabbing and groping her, and attempting to sexually assault her.

      vii)    On more than one occasion, Mr. Ickom offered money in exchange for sex to one or more of the female Charging Parties and other female employees.

    26.    The harassing and hostile conduct based on national origin/race and directed to the Charging Parties and other Hispanic employees included without limitation the following actions:

      a)    Mr. Ickom frequently punched and hit one or more of the male Charging Parties and other Hispanic employees in the stomach, ribs, and abdomen while they were working in the debone area;

      b)    Koch managers, supervisors, and agents, including Mr. Ickom, demanded that one or more of the Charging Parties and other Hispanic employees pay him money for permission to use the bathroom;

      c)    Koch managers, supervisors, and agents, including Mr. Ickom, demanded that one or more of the Charging Parties and other Hispanic employees pay him money for

permission to use vacation time or sick time;

d)   Koch managers, supervisors, and agents, including Mr. Ickom, required one or more of the Charging Parties and other Hispanic employees to pay money to receive or maintain their job position;

e)   Koch managers, supervisors, and agents, including Mr. Ickom, required one or more of the Charging Parties and other Hispanic employees to pay him money in exchange for more favorable job assignments and transfers.

(f)   Koch managers, supervisors, and agents, including Mr. Ickom, told the Charging Parties and other Hispanic employees that they did not have the same rights as non-Hispanic workers and could be terminated if they complained.

27.   Koch management knew, or should have known, that a hostile work environment existed in the debone department.

28.   When Mr. Ickom committed unwanted touching, groping, and rubbing of female Hispanic employees, he did so openly – in the debone area, in the presence of other employees and supervisors, and in plain view of the plant's security cameras.

29.   The supervisors' offers of money in exchange for sex were known, or should have been known, to at least one other supervisor, Frank (Last Name Unknown), who sometimes participated in the misconduct by communicating the offers to female Hispanic employees.

30.   The supervisors' demands for money in exchange for jobs, reassignments, and transfers were also known to Koch management, including at least one management agent, Nina (Last Name Unknown), who worked in the company's human resources office.

31.   At least as early as October 2007, Koch had received reports from one or more Hispanic employees that Mr. Ickom was abusing Hispanic employees working in the debone

32. Reports of the supervisors' abuses were made to Koch management, supervisors, and agents including, but not limited, to the following persons:

a) David LeBlanc, Plant Manager;

b) Sue Wessell Evans of the Koch human resources office;

c) Faye Kelly of the Koch human resources office;

d) Eric (Last Name Unknown) of the Koch human resources office;

e) Ricardo Mesa, Koch's Spanish translator;

f) Terry (Last Name Unknown), Koch production line supervisor;

g) Brenda (Last Name Unknown), Koch debone lead person.

33. Notwithstanding Koch's knowledge of the misconduct, additional complaints by employees, and the open and notorious nature of the conduct, Koch took no preventive or corrective action to prevent, stop or correct the harassment and hostile work environment.

34. Koch failed to provide an effective mechanism for employee complaints. For example:

a) Koch procedures required employees complaining of a supervisor's conduct to first report the conduct first to their supervisor;

b) Koch allowed Mr. Ickom to be present when employees voiced their complaints;

c) Koch allowed Mr. Ickom to be present when Koch questioned employees about their own or another's complaint about Mr. Ickom;

d) Koch staff responsible for preventing and correcting harassment did not speak Spanish, the primary language spoken by Charging Parties and the Hispanic employees;

e) Koch staff responsible for preventing and correcting harassment did not have

sufficient or appropriate translators available to communicate with Spanish-speaking employees;

f) Koch staff responsible for preventing and correcting harassment relied on translators who were not sufficiently aware of the employees' legal rights;

g) Koch staff responsible for preventing and correcting harassment relied on translators who discouraged employees from complaining.

35. Koch managers, supervisors, and agents, including Mr. Ickom, often threatened the Charging Parties and other Hispanic employees with violence or harm to them or their families if they complained.

36. When Charging Parties protested Mr. Ickom's conduct, they and/or their family members or spouses who also worked at the plant were subjected to escalated and more frequent physical or sexual assaults.

37. Charging Parties and other Hispanic employees who protested Mr. Ickom's conduct or refused to submit to Ickom's discriminatory and sexual demands were also:

a) demoted;

b) subjected to a reduction in wages;

c) reassigned to menial and degrading work;

d) reassigned to work that was more physically demanding;

e) subjected to further badgering, harassment, and/or humiliation that was not corrected and was calculated to encourage the employee's resignation; and/or

f) terminated from employment with Defendant.

39. A reasonable person in the same position as the Charging Parties and/or the Hispanic employees would have felt compelled to resign, and indeed some of the employees did

resign as a result of the ongoing harassment.

40. Koch terminated Mr. Ickom's employment on September 19, 2008.

41. Koch took no steps to protect employees from further misconduct after Mr. Ickom was terminated.

42. After Mr. Ickom was terminated, Koch allowed Mr. Ickom to return to the Koch Foods parking lot where he confronted, threatened and physically assaulted at least one Hispanic employee who was a close family member of Charging Party Ivone Castilo-Lopez.

43. After Mr. Ickom was terminated, the Charging Parties and other Hispanic employees continued to be subjected to threats of violence and reprisal, both in the workplace and outside of the workplace.

44. A reasonable person in the same position as the Charging Parties and/or the Hispanic employees would have felt compelled to resign as a result of the ongoing badgering, harassment, and/or humiliation they experienced even after Ickom's termination.

45. The continued badgering, harassment, and/or humiliation was so offensive and humiliating to the Charging Parties and other Hispanic employees that some, including Aracely Calderon-Cortez and Ivone Castillo-Lopez, felt compelled to resign.

## COUNT I

### [Title VII Hostile Work Environment/Harassment Because of Sex]

46. Plaintiff incorporates herein and reasserts paragraphs eight (8) through forty-five (45) of this Complaint.

47. Since at least January 2007, Koch has engaged in unlawful employment practices at its Morton, Mississippi location in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), including subjecting Aracely Calderon-Cortez, Ivone Castillo-Lopez, Idalia Domingo-

Maldonado, and a class of female employees, to a hostile work environment based on their sex (female).

48.     Koch's managers and supervisors created and perpetuated a hostile work environment against the female Charging Parties and other female employees based on their sex.

49.     Koch's conduct was offensive, painful, severe, unwelcome and pervasive and interfered with the female Charging Parties' and the class of female employees' working conditions.

50.     The sexually hostile work environment included unwanted sexual touching, repeated sexual assaults, propositions for sex, and offers of money in exchange for sex.

51.     The sexually hostile work environment that existed at Koch was created and perpetuated by Koch's management and supervisory personnel with immediate or successively higher authority over the female Charging Parties and other female employees.

52.     The hostile work environment occurred with the full knowledge of Koch's management and supervisory personnel.

53.     The hostile work environment resulted in a tangible employment action for one or more Charging Parties and/or other female employees, including termination of employment and constructive discharge of employment.

54.     Koch failed to exercise reasonable preventive, corrective or remedial care in relation to the sexually harassing behavior.

55.     The unlawful employment practices were intentional, and done with malice and/or reckless indifference to the federally-protected rights of Aracely Calderon-Cortez, Ivone Castillo-Lopez, Idalia Domingo-Maldonado, and other female employees.

56.     The effect of the intentional practices complained of above has been to deprive

the female Charging Parties and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex (female).

## COUNT II

**[Title VII Hostile Work Environment/Harassment Because of National Origin/Race]**

57. Plaintiff incorporates by reference herein paragraphs eight (8) through forty-five (45) this Complaint.

58. Since at least 2007, Koch has engaged in unlawful employment practices at its Morton, Mississippi location in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), including subjecting the Charging Parties and a class of Hispanic employees to a hostile work environment based on national origin/race (Hispanic).

59. Koch's managers and supervisors created and perpetuated a hostile work environment against the Charging Parties and other Hispanic employees based on their national origin/race.

60. The conduct was offensive, severe, unwelcome and pervasive and interfered with the Charging Parties' and the Hispanic employees' working conditions.

61. The conduct included non-sexual physical assaults, sexual assaults of the females, threats of violence, unwanted physical touching, unwanted sexual touching of the females, intimidation, and demands for monetary payment in exchange for jobs, transfers and promotions, and use of leave or bathroom breaks.

62. The hostile work environment that existed at Koch was created and perpetuated by Koch's management and supervisory personnel with immediate or successively higher authority over the Charging Parties and other Hispanic employees.

63. The hostile work environment occurred with the full knowledge of Koch's

management and supervisory personnel.

64. The hostile work environment resulted in a tangible employment action for one or more Charging Parties and/or other Hispanic employees, including termination of employment and constructive discharge of employment.

65. Koch failed to exercise reasonable preventive, corrective or remedial care in relation to the sexually harassing behavior.

66. The unlawful employment practices complained of above were intentional, and done with malice or with reckless indifference to the federally protected rights of the Charging Parties, and other Hispanic employees.

67. The effect of the intentional practices complained of above has been to deprive each of the Charging Parties and other Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because of their national origin/race (Hispanic).

## COUNT III

### [Title VII Retaliation]

68. Plaintiff incorporates by reference herein paragraphs eight (8) through forty-five (45) of this Complaint.

69. Defendant Koch engaged in unlawful employment practices at its Morton, Mississippi, facility in violation of §704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

70. The Charging Parties, on behalf of themselves and the other Hispanic employees, opposed the harassment and hostile work environment at Koch.

71. The Charging Parties and other Hispanic employees reasonably believed in good faith that the conduct they opposed was unlawful.

72. Koch managers and agents knew which employees complained about or reported the hostile work environment.

73. Koch retaliated against the Charging Parties and other Hispanic employees because of their protected conduct and/or because of their close affiliation to an individual who engaged in protected conduct.

74. The retaliatory conduct to which Koch subjected the Charging Parties and other Hispanic employees included, without limitation, the following:

   a) increasing the frequency and severity of the harassment;

   b) threatening employees and/or their family members or spouses with violence, harm, and loss of employment if they complained further; and,

   c) subjecting employees to unfavorable job assignments, demotion, and termination of employment in reprisal for their protests.

75. The unlawful retaliation was intentional, and done with malice or with reckless indifference to the federally protected rights of the Charging Parties and other Hispanic employees subjected to retaliation.

76. The effect of the intentional retaliation described herein has been to deprive the Charging Parties and other Hispanic employees of equal employment opportunities and otherwise adversely affect their status as employees because they or a close family member or spouse opposed practices made unlawful by Title VII.

## COUNT IV

### [Pattern or Practice Violation – Sex Discrimination]

77. Plaintiff incorporates by reference herein paragraph paragraphs eight (8) through forty-five (45) of this Complaint.

78. Koch has engaged in a pattern or practice of resistance to the full enjoyment of the rights secured to its female employees by Title VII.

80. This pattern or practice is of such a nature and is intended to deny to Koch's female employees the full exercise of the rights guaranteed by Title VII.

81. The unlawful employment practices complained of herein were intentional, and done with malice or with reckless indifference to the federally protected rights of the female Charging Parties, and other female employees.

82. The effect of the intentional practices complained of herein has been to deprive the Charging Parties and other female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

## COUNT V

**[Pattern or Practice Violation – National Origin and/or Race Discrimination]**

83. Plaintiff incorporates by reference herein paragraphs eight (8) through forty-five (45) of this Complaint.

85. Defendant has engaged in a pattern or practice of resistance to the full enjoyment of the rights secured to the Hispanic employees by Title VII.

86. This pattern or practice is of such a nature and is intended to deny to Koch's Hispanic employees the full exercise of the rights guaranteed by Title VII.

87. The unlawful employment practices complained of herein were intentional, and done with malice or with reckless indifference to the federally protected rights of the Charging Parties and other Hispanic employees.

88. The effect of the intentional practices complained of herein has been to deprive the Charging Parties and other Hispanic employees of equal employment opportunities and

otherwise adversely affect their status as employees because of their national origin/race (Hispanic).

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in discrimination based on sex, national origin, or race.

B.      Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from engaging in retaliation and any other employment practice which discriminates on the basis of sex, national origin, or race.

C.      Order Defendant Koch Foods to institute and carry out policies, practices, and programs which provide equal employment opportunities for Hispanic employees and Hispanic females and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendant Koch Foods to make the Charging Parties and the class of affected Hispanic employees whole with compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described herein, as appropriate, compensation for emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

E.      Order Defendant Koch Foods to pay the Charging Parties and the class of affected Hispanic employees punitive damages for its malicious and reckless conduct described herein, in amounts to be determined at trial.

F.      Grant such further relief as the Court deems necessary and proper in the public interest.

G.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

P. DAVID LOPEZ
General Counsel

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street Northeast, Fourth Floor
Washington, D.C. 20507
Tel No. (202) 663-4900

C. EMANUEL SMITH
Regional Attorney
MS State Bar No. 7473

Julie Bean
Supervisory Trial Attorney
DC Bar No. 433292

Charles Guerrier
Senior Trial Attorney
OH Bar No. 0023546

/s/ Ylda Marisol Kopka
_____

Ylda Marisol Kopka
Trial Attorney
IL Bar No. 6286627

ylda.kopka@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1130- 22nd Street South
Suite 2000
Birmingham, Alabama 35205
Tel No. (205) 212-2062
Fax: (205) 212-2041


/s/ Christina A. Vigil
_____

Christina A. Vigil
Trial Attorney
NM Bar No. 20387

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
505 Marquette N.W., Suite 900
Albuquerque, New Mexico 87102
Tel No. (505) 248-5231
Fax: (505) 248-5217
christina.vigil@eeoc.gov