

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 3 1 2018
ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | | |
|---|---|---|
| MARIA CAZORLA, et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | CIVIL ACTION NO. |
| KOCH FOODS OF MISSISSIPPI, LLC and | ) | 3:10-CV-135-DPJ-FKB |
| JESSIE ICKOM, | ) | |
| Defendants. | ) | |
| | ) | |
| *Consolidated With* | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | CIVIL ACTION NO. |
| COMMISSION, | ) | 3:11-CV-00391-CWR-LRA |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| KOCH FOODS OF MISSISSIPPI, LLC, | ) | |
| Defendant. | | |

---

### CONSENT DECREE

---

### I.    RECITALS

This matter was instituted by Plaintiff, Equal Employment Opportunity Commission ("Commission" or "Plaintiff" or "EEOC"), an agency of the United States government, against Defendant, Koch Foods of Mississippi, LLC ("Defendant") to enforce Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. §1981a. In the Complaint, the Commission alleged that Defendant engaged in a pattern or practice of discrimination by subjecting Individual Plaintiffs and a class of Hispanic employees to a hostile work environment because of their national origin and/or

1

race, and also by subjecting a class of female employees to a hostile work environment because of their gender.  The Complaint also alleges that Defendant took retaliatory actions against the employees who engaged in protected activity by reporting and/or objecting to the alleged harassment or discriminatory conduct.  Defendant denies all of the Commission's allegations.

1.     The Parties to this Decree are Plaintiff EEOC, Individual Plaintiffs,[1] and Defendant Koch Foods of Mississippi, LLC.

2.     The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

3.     As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

4.     For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

## II.     JURISDICTION

5.     The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.     TERM AND SCOPE

6.     **Term:**  The duration of this Decree shall be thirty-six (36) months from the date of signing by the Court.

---

[1] "Individual Plaintiffs" are Maria Cazorla, Magnolia Perez Hernandez, Idalia Domingo Maldonado, Alma Roxana Roblero Aguilar, Ivone Castillo Lopez, Mardoqueo Lopez Lopez, Jose Luis Cordero Toledo, Jose Dolores Rivera Aranda, Erwin Castillo Lopez, Aracely Calderon Cortez, and Agustin Barragon Davalos. Individual Plaintiffs are also "Class Members" as defined in footnote 2.

7.      **Scope:** Unless expressly provided otherwise, the terms of this Decree shall apply to Defendant's processing plant located at 108 Morris Tullos Drive, Morton, Mississippi. Section VII. C. will apply to Defendant's three plants located in Mississippi.

## IV.     ISSUES RESOLVED

8.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII of the Civil Rights Act of 1964, as amended, that arise from Charges of Discrimination filed by Agustin Barragan-Davalos (Charge No. 423-2009-01092), Aracely Calderon-Cortez (Charge No. 423-2009-01092), Erwin Castillo-Lopez (Charge No. 423-2009-01238), Ivone Castillo-Lopez (Charge No. 423-2009-01091), Jose Luis Cordero-Toledo (Charge No. 423-2010-01043), Idalia Domingo-Maldonado (Charge No. 423-2009-01100), Mardoqueo Lopez-Lopez (Charge No. 423-2009-01093), Ana Martin-Perez (Charge No. 423-2009-01099), Magnolia Perez-Hernandez (Charge No. 423-2009-01093), Jose Dolores Rivera-Aranda (Charge No. 423-2009-01095), and Alma Robledo-Aguilar (Charge No. 423-2009-01090). The claims resolved by the Decree include all of the claims that the Commission has pursued, sought to pursue, or could have pursued in the above captioned lawsuit on behalf of any Class Member as defined in Paragraph 10 below.

9.      By entering into this Decree, Defendant does not admit any alleged wrongdoing or violations of law.

## V.     MONETARY RELIEF

10.     In accordance with paragraph 12, Defendant shall pay three million, seven hundred and fifty thousand dollars ($3,750,000) as monetary relief on behalf of Individual Plaintiffs and the

3

class of aggrieved Hispanic employees identified by the EEOC as individuals entitled to relief pursuant to this Decree and referred to herein as "Class Members."[2]

11.     Defendant will not condition the receipt of individual relief upon Individual Plaintiffs' or any other Class Member's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; (b) waive his or her statutory right to file a charge with any federal or state anti-discrimination agency; or (c) promise not to reapply for a position at any of Koch Foods' facilities.

12.     EEOC retains the sole discretion to determine allocations of monetary relief to back pay and compensatory damages and to determine each Class Member's individual allocations as described below:

    12.1.   **Class Distribution List.**  After notice to the Class Members entitled to relief under this Decree, EEOC will provide counsel for Defendant, via email, a Final Class Distribution List in the form of an Excel spreadsheet, containing the following information for each Class Member who is not also an Individual Plaintiff: name, mailing address, and total claim share amount, all of which shall be allocated as compensatory damages.

    12.2.   **Individual Plaintiffs Distribution List.**

EEOC will provide counsel for Defendant, via email, an Individual Plaintiffs Final Distribution List in the form of an Excel spreadsheet, containing the following information for each Individual Plaintiff: name, mailing address, total claim share

---

[2] EEOC identified aggrieved individuals in its Third Amended Complaint and subsequent Initial Disclosures. The Court has limited the class to the aggrieved individuals identified in EEOC's Second Amended Complaint. However, for purposes of this Decree, the term "aggrieved individuals" incorporates all persons disclosed by EEOC in its Second and Third Amended Complaints, Initial Disclosures, Individual Plaintiffs Distribution List, and Final Class Distribution List.

amount, payment schedule and the allocation of the total claim share amount for compensatory damages and back pay damages, if applicable. This list will also contain the total claim share amount for Individual Plaintiffs that is designated as attorney's fees to be allocated and paid to their attorneys and information necessary for proper tax reporting.

**12.3.   Releases.**  To receive a settlement payment pursuant to this Decree, the Individual Plaintiffs and Class Members must sign a Release in the form attached as Exhibit A, and return the signed Release to EEOC by the acceptance deadline established by EEOC. Class Members who fail to timely return the signed Release may be deemed to have rejected the settlement amount designated for their claims and will not be entitled to receive any payment from the settlement fund.

**12.4.   Final Distribution of Class Settlement Fund.**  Within thirty (30) days after receiving EEOC's Final Class Distribution List and corresponding Releases, Defendant will send payments via check to class members in the amounts specified, and to the addresses specified in the EEOC's Final Class Distribution List. Defendant will send payments via check to the Individual Plaintiffs and their designated attorneys in the amounts specified, and to the addresses specified in the Individual Plaintiffs Distribution List, pursuant to the payment schedule and subject to the terms described in Individual Plaintiffs' Distribution List. The parties agree to work in good faith to resolve international payment issues that may arise as a result of payment being made in check form.

**12.5.   Tax Forms.**  Defendant shall issue an IRS Form W-2 for amounts designated as

5

back pay and the applicable IRS tax form to report income to each Individual Plaintiff and Class Member for their settlement amounts designated as compensatory damages, and to Individual Plaintiffs' attorneys for their settlement amounts designated as attorney's fees, and mail the form(s) to each Individual Plaintiff, Class Member, or designated attorney, as applicable, at the address provided by EEOC on the Final Distribution Lists, unless otherwise notified by EEOC of an address change. The EEOC will identify the appropriate IRS tax form for each Individual Plaintiff, Individual Plaintiff attorney, and Class Member in its Final Distribution Lists. The EEOC will not require that Koch Foods treat for tax reporting purposes any settlement amounts contained in EEOC's Final Class Distribution list as amounts for physical injury or physical sickness or reimbursement of amounts paid to Koch Foods or its employees. Nothing in this decree, however, precludes Class Members from taking the position with applicable tax authorities that some or all of any payments constitute payment for physical injury or sickness or reimbursement of amounts paid to Koch Foods or its employees. If Defendant disagrees with the EEOC's identification of the appropriate tax form in its Final Distribution Lists, EEOC and Defendant agree to work in good faith to resolve such disagreement.

**12.6.   Administrative Costs.**  Defendant shall pay all of its own administrative costs for the process of distributing the settlement fund to the Individual Plaintiffs and Class Members under this Consent Decree, including, but not limited to, postage, supplies, clerical services, accounting services, and tax return preparation incurred by Defendant in performing their duties under this Consent Decree.

6

13.    **Copies of Payment to EEOC.** Within ten (10) business days after payments are mailed to payees, Defendant shall submit to EEOC a copy of the payments issued, and any related correspondence with Class Members to the attention of EEOC's Regional Attorney Marsha Rucker c/o Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

14.    **Non-negotiated Payments.** If any payments issued pursuant to the distribution process according to the Final Distribution Lists are not cashed/negotiated within 180 days of issuance of the check(s) or are returned as undeliverable to Defendant, the Defendant shall provide EEOC notice by 200 days of issuance of the checks of any check(s) that were not cashed/negotiated or returned as undeliverable. EEOC shall have 120 days from the date of such notice to determine why the check(s) were not cashed or deliverable and to provide Defendant with either an alternate mailing address to send the check(s) or to provide Defendant with Amended Distribution Lists, as appropriate, to redistribute any remaining funds. If EEOC fails to provide Defendant with either an alternate mailing address or Amended Distribution lists within 120 days of the notice of checks not cashed/negotiated or returned as undeliverable, Defendant shall have no obligation to reissue or resend the payments and shall be entitled to retain all such payments.

## VI.    OTHER RELIEF

15.    Defendant shall expunge from each Individual Plaintiff's and Class Member's personnel files (a) any and all references to the allegations of discrimination filed against Defendant that formed the basis of this action; and (b) any and all references to each Individual Plaintiff's and Class Member's participation in this action.

16.    Upon request from the Commission, Individual Plaintiffs, and/or Class Members, Defendant will provide a neutral employment reference in the form attached as Exhibit B for the Individual Plaintiffs and Class Members. The Individual Plaintiffs and Class Members may also direct those seeking a reference to the Koch Foods Human Resources Department at the Morton, Mississippi processing facility, and Defendant will provide a neutral employment reference in response to such inquiries.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

17.    Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, will not engage in any employment practice that discriminates on the basis of gender, race, and/or national origin.

18.    Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, will not retaliate against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964, as amended.  Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency charged with the investigation of employment discrimination complaints, or whose statements serve as the basis of a charge; or because such person testifies or participates in the investigation or prosecution of an alleged violation of Title VII.  Defendant shall not retaliate in any manner against individuals identified as Individual Plaintiffs, Class Members or witnesses in this action or who assisted in the investigation giving rise to this action.

8

**B.**     *Designation of Decree Manager*

**19.**     Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall designate a management employee (the "Decree Manager") to be responsible for overseeing implementation of, and Defendant's compliance with, this Decree.  The Decree Manager shall not be employed at the Morton processing facility, nor have direct oversight responsibilities of the Morton processing facility, other than implementation of this decree.  The Decree Manager shall be trained and experienced in Title VII law and its requirements and compliance in the workplace. Defendant shall notify the Commission, by first-class mail directed to the Birmingham District Office Regional Attorney, the name, contact information, and qualifications of the Decree Manager, or his/her replacement, within ten (10) days of his/her designation or replacement. The Decree Manager's responsibility shall be to help Koch Foods meet its obligations under this Consent Decree, which includes carrying out review of policies and procedures as outlined in Section VII (C), providing annual training as outlined in Section VII (D), posting as outlined in Section VII (E), and record keeping and reporting obligations outlined in Sections VII (G).

**C.**     *EEO Policy Review*

**20.**     Within sixty (60) days of the entry of this Decree, the Defendant shall review its existing EEO policies to ensure conformance with the law and revise, if necessary.

**21.**     The written EEO policies must be in both English and Spanish, and be written to be easily understandable to a lay person and include at a minimum:

> **21.1**     A commitment to preventing unlawful gender, race, and national origin discrimination and retaliation;

.

21.2     A commitment to preventing sexual harassment, race harassment, and national origin harassment;

21.3     A definition of disparate treatment based on race and national origin and retaliation;

21.4     A statement that discrimination based on gender, race and national origin is prohibited and will not be tolerated;

21.5     A statement that sexual harassment, race harassment, and national origin harassment is prohibited and will not be tolerated.

21.6     A statement of encouragement of persons who believe they have been discriminated or retaliated against to report such concerns;

21.7     A statement that retaliation for reporting discrimination or harassment is prohibited and will not be tolerated;

21.8     The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

21.9     The identification in the policies of a confidential, toll-free, employee hotline number for reporting concerns about discrimination, harassment, or retaliation and where such complaints may be communicated in English or Spanish;

21.10    A statement that Defendant maintains a twenty-four-hour hotline for reporting discrimination and interpretation services as needed by employees;

21.11    The identity of a specific agent or hierarchy of agents who are to receive, document, and investigate complaints—both oral and written complaints;

21.12  An explanation of the steps an employee must take to report discrimination or retaliation, including a complaint against a supervisor, which include the options of either an oral or written complaint in the language of the employee's choosing, and a reminder that the employee will not be retaliated against for such report;

21.13  An explanation of the steps a lead person, supervisor, manager, or staff member in Human Resources must take when receiving a report of discrimination or retaliation;

21.14  An assurance that Defendant will investigate allegations of unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a bilingual (Spanish/English) investigator, or an investigator who utilizes a certified professional translation service when translation is needed or requested, trained in investigating allegations of discrimination;

21.15  A policy that the investigation must include, at a minimum, the following: (a) documentation of the complaint and investigation; (b) interviews of the complainant, alleged victim(s), and witnesses identified, including the individual(s) alleged to have participated in the unlawful conduct; and (c) communication of determinations from the investigation to the alleged harasser and complainant;

21.16  A policy that Defendant shall not retain documents related to the investigation in any of the complainant's personnel files. These documents, instead, will be retained in a separate investigation file. All disciplinary actions taken against employees for violation of Defendant's Anti-Discrimination Policy will be

11

retained in the violator's personnel file.  In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in a separate investigative file;

**21.17**   An assurance that appropriate corrective action will be taken by Defendant;

**21.18**   A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

**21.19**   A promise of confidentiality to the extent feasible for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation;

**21.20**   An assurance of non-retaliation for persons who report alleged unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such alleged unlawful discrimination, harassment, and/or retaliation;

**21.21**   An assurance that each time a policy is updated or revised, Defendant shall make concurrent updates and revisions to ensure that the updated or revised English language policies governing hourly workers are identical and consistent with all copies provided in Spanish or other languages.

**21.22**   An assurance that Defendant shall date its policies to reflect the original policy issuance date, if known, and the date of the latest revision; and

**21.23**   An assurance that Defendant shall use an outside vendor to draft all written translations from English to a foreign language.

22.     Within thirty (30) days after completion of the policy review required under Paragraphs 20 and 21 above, Defendant shall post and keep posted the written EEO policies at the Morton, Mississippi processing plant on bulletin boards, which are near timeclocks, and in the break room.  The mechanism for reporting discrimination shall be set forth in the aforementioned EEO policies posted and distributed by Defendant in accordance with this paragraph. The twenty-four hour hotline will also be posted and distributed by Defendant in accordance with this paragraph. Within thirty (30) days after completion of the policy review, Defendant shall provide a copy of the EEO policies to all current employees, and will provide a copy of the policies to newly hired employees within ten (10) days of hire. During Defendant's orientation of newly hired employees, Defendants shall verbally explain the written EEO policies to all employees attending the orientation.  Employees attending the orientation will have the option of hearing the policies explained in English or Spanish. Within one hundred, twenty (120) days of the Court's entry of this Decree, Defendant shall forward a copy the EEO policies to the Commission and a letter indicating that the EEO Policies have been posted and distributed.

## D.     *Training*

23.     At least annually, Defendant shall provide EEO training for all the employees of the Morton, Mississippi processing plant and all human resources employees who have direct oversight of the Morton, Mississippi processing plant. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties for engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; (e)  Defendant's procedures for reporting and handling

complaints of discrimination, harassment and retaliation, and (f) Defendant's prohibition of discrimination in implementing employee requests for leaves and absences and the appropriate procedure for requesting leave and/or an accommodation due to a medical condition.   All training under this Paragraph 23 shall be at Defendant's selection and expense.  Training must be by live presentation and conducted in both English and Spanish.  The training will be conducted as follows:

23.1   **Non-managerial Employees:**  Defendant will provide non-managerial employees at the Morton, Mississippi processing facility at least one hour of training annually.  Attendance will be mandatory for every employee, and may be presented in two, thirty-minute sessions. These training meetings will focus on anti-discrimination laws, sexual harassment, national origin/race harassment, retaliation, and reporting procedures.   All training will be afforded to non-managerial employees in both English and Spanish.

23.2   **Managerial and Supervisory Employees:**  Defendant will require all individuals who work in a managerial or supervisory capacity at the Morton processing facility, including assistant managers, department supervisors, and any person with hiring authority, to receive at least three (3) hours of training annually regarding Title VII of the Civil Rights Act and other federal anti-discrimination laws.  These trainings, which may be presented in increments of thirty minutes or more, must address sexual harassment, discrimination based on race and/or national origin, retaliation, and communicating complaints of discrimination. Defendant shall emphasize with managerial and supervisorial employees that due

14

to their position, they (a) must be vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid retaliating against an employee because a complaint is made, or might be made, against them.  Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite training within thirty (30) days of being hired or promoted.

**23.3   Human Resource Employees:**  Defendant will require all individuals who work at the Morton, Mississippi processing plant in a human resource capacity and who have decision-making authority on human resources issues, to receive at least six (6) hours of training annually regarding the Title VII of the Civil Rights Act and other federal anti-discrimination laws.  The training, which may be presented in increments of thirty minutes or more, must address sexual harassment; race and national origin discrimination; retaliation; the methods of receiving, communicating, investigating (where applicable) complaints of discrimination; and the procedures for documenting complaints of discrimination, the investigation of complaints, and the results of the investigation.  Additionally, Defendant will require employees who are newly hired or promoted into a human resource position to complete the requisite training within ninety (90) days of being hired or promoted into a human resource position.

**23.4   Train the Trainers:**  Any manager or human-resources employee with

responsibility for training other employees pursuant to this Decree will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. This training requirement, however, will not apply to any human resources employee who maintains a Professional in Human Resources certification, or more advanced certification, or has worked as a human resources employee for at least fifteen years. This training requirement also does not apply to professional trainers or attorneys who are not employees of Defendant.

23.5    **Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination, shall be provided two (2) additional hours of annual training on standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, and analysis of the evidence. The training outlined in this Paragraph will not be required for human resources employees who are receiving six (6) hours of annual training pursuant to Paragraph 23.3 above.

24.    Defendant agrees that the first such training session for each employee group identified in Paragraph 23 above, will take place within ninety (90) days after the Court's entry of this Decree.

25.    The Commission may designate one Commission representative to attend any of the training sessions described above. Defendant shall provide the Commission with a tentative

16

training schedule for the first year of training within 90 days of the entry of this Decree.  For the remaining years of the Decree, Defendant will provide the Commission each year with a tentative training schedule for that year within 90 days of the anniversary of the entry of this Decree. The Commission representative shall coordinate with the Decree Manager to make arrangements for attending a training session.

**E.**     *Notice Posting*

26.     Within ten (10) business days after the Court's entry of this Decree, Defendant shall post in each location specified in Paragraph 22 the Notice attached as Exhibit C to this Decree.  The Notice shall be the same type, style, and size as set forth in Exhibit C.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.  Defendant shall certify to the Commission, in writing, within ten (10) business days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the reports required under the Reporting provisions of this Consent Decree.

**F.**     *Individuals Ineligible for Rehire*

27.     Defendant agrees that it will not rehire certain individuals identified in a separate writing. To assure that the identified individuals are not rehired by Defendant, Defendant will place a document at the beginning of their personnel files that reads in bold, "Not Eligible for Rehire at any facility in the United States."  If Defendant maintains any computerized personnel file for the identified individuals such computerized file must also be annotated to reflect that they are not eligible for rehire.

**G.**     *Record Keeping and Reporting Provisions*

17

**28.**    For the duration of this Consent Decree, Defendant shall maintain all records concerning implementation of this Consent Decree, including, but not limited to, complaints of discrimination and records documenting investigation of such complaints, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**29.**    Defendant shall provide annual reports for the twelve-month period following the entry of this Decree, and annual reports for the duration of the decree thereafter.  The reports shall be due thirty (30) days following the respective annual deadline, except the final report which shall be submitted to the Commission eight (8) weeks prior to the date on which the Consent Decree is to expire.

**30. Reporting Requirements:**  Each report shall provide the following information:

    **30.1**    **Reports of Discrimination:** For purposes of this Paragraph 30.1, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware that alleges discrimination or harassment, or the witnessing of discrimination or harassment, based on gender, race, or national origin, even if the complainant does not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights."

    **30.2**    The report will include:

        30.2.1 The name, address, email address, and telephone number of each person making a complaint of gender, race or national origin discrimination or harassment to Defendant; and

        30.2.2  A brief summary of each complaint, including the date of the complaint,

the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

**30.3    Complaints of Retaliation:** For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint that alleges retaliation for activity that is protected under Title VII, or alleges retaliation for conduct that the Defendant recognizes or should have recognized as protected activity under Title VII even if the complainant does not use legal or technical terminology.

**30.4**    The report shall include:

30.4.1  The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant; and

30.4.2  A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any, resolution was reached.

**30.5**    Defendant will not be required to report pursuant to Sections 30.1 through 30.4 complaints or reports of discrimination that are the subject of an EEOC charge or lawsuit.  For any such EEOC charge or lawsuit, however, Defendant will report pursuant to this Section VII(G) the name of the complaining party, the charge number or case number, the administrative forum or court, and the date of filing

the charge or complaint.  Defendant also shall not be required to produce or disclose information protected by the attorney-client privilege or attorney work product doctrine in making any report pursuant to Sections 30.1 through 30.4.

30.6    **Training:** For each training program required under Paragraph 23 and conducted during the reporting period, Defendant shall submit a registry of attendance.

30.7    **Posting of Notice:** Defendant shall recertify to the Commission that the Notice required to be posted under Section VII (E) of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

30.8    **Policy Review:** Defendant shall report on the status of the EEO policy review process required under Section VII (C) of this Consent Decree.

30.9    **Decree Manager:** Defendant shall report on the status of the designation of a Decree Manager under Section VII(B) of this Consent Decree.

30.10   **Employee Hotline:** Defendant shall report on the status of the twenty-four hour employee hotline addressed in Paragraphs 21.9 and 21.10 of this Consent Decree.

## VIII. RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

31.    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate.

32.    There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

33.    During the duration of this decree, the Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action after providing Defendant with an opportunity to cure any alleged non-compliance upon

thirty (30) days written notice to Defendant's counsel.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

34.    Absent extension, this Decree shall expire by its own terms at the end of the thirty-six (36) months from the date of entry without further action by the Parties.

## IX.    EEOC AUTHORITY

35.    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way affect the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X.    COSTS AND ATTORNEY'S FEES

36.    The Commission and Defendant shall be responsible for and shall pay their own costs and attorney's fees incurred up to the date of the entry of this Consent Decree.

## XI.    NOTICE

37.    Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, or by email as follows:

Marsha Rucker
Regional Attorney
EEOC Birmingham District Office
1130 22nd
Birmingham, Alabama
marsha.rucker@eeoc.gov

Scott Pedigo
Baker Donelson Bearman Caldwell &
Berkowitz
PO Box 14167
Jackson, Mississippi 39236
spedigo@bakerdonelson.com

21

## XII.  SIGNATURES

38.     The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this ___31st___ day of ___July___, 2018.

BY THE COURT:

_____
United States District Judge

BY CONSENT:

COUNSEL FOR EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M. Street NE
Washington, D.C.  20507

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Marsha Rucker
Regional Attorney

Date: ___7 / 12 / 18___

KOCH FOODS OF MISSISSIPPI, LLC

By: _____
Koch Foods Representative

Date: ___2-20-18___

APPROVED AS TO FORM:

ATTORNEYS FOR PLAINTIFF EEOC

_Alysia D. Franklin_
Alysia D. Franklin
SENIOR TRIAL ATTORNEY
Equal Employment Opportunity
Commission
1130 22nd Street South
Birmingham, Alabama 35205

_Eduardo Juarez_
Eduardo Juarez
SUPERVISORY TRIAL ATTORNEY
Equal Employment Opportunity
Commission
5410 Fredericksburg Rd.
San Antonio, Texas 78229

ATTORNEYS FOR DEFENDANT

_Scott Pedigo_
Scott Pedigo
Baker, Donelson, Bearman Caldwell
& Berkowitz, PC
P.O. Box 14167
Jackson, Mississippi 39236

ATTORNEYS FOR PLAINTIFF INDIVIDUAL PLAINTIFFS

_Caitlin Berberich_
Caitlin Berberich
Southern Migrant Legal Services
A Project of Texas RioGrande Legal Aid
311 Plus Park Boulevard, Suite 135
Nashville, Tennessee 37217

_Robert B. McDuff_
Robert B. McDuff, Esq
767 North Congress Street
Jackson, Mississippi 39202

23

**EXHIBIT A**
**CLASS MEMBER RELEASE**
**(English Version)**

In consideration for $_____ paid to me by Defendant Koch Foods, in connection with the resolution of *EEOC v. Koch Foods of Mississippi, LLC*, Civil Action No. 3:10-CV-135-DPJ-KFB and 3:11-CV-00391-CWR-LRA, I waive my right to recover for any claims of sex, race, and national origin discrimination and retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, that I had against Defendant Koch Foods prior to the date of this release and that were included or could have been included in the Title VII discrimination and retaliation claims alleged in EEOC's complaint in *EEOC v. Koch Foods of Mississippi, LLC*, Civil Action No. 3:10-CV-135-DPJ-KFB and 3:11-CV-00391-CWR-LRA, filed in the United States District Court for the Southern District of Mississippi.

Date:_____        Signature: _____

**EXHIBIT B**
**(Letters of Reference- English Version)**

To Whom It May Concern:

_____ [Insert Individual Plaintiff or Class Member name]  worked for  Koch Foods of Mississippi, LLC, in Morton, Mississippi during the time period of _____[Insert months/years of employment]. Mr/Mrs. _____held the position of _____ at the time [his/her] employment with Koch Foods ended.


Sincerely,


Applicable HR Employee

**EXHIBIT C**
**NOTICE**
**(English Version)**

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Koch Foods filed in the United States District Court for the Southern District of Mississippi, Civil Action No. 3:16-768-WHB-JCG, and EEOC v. Koch Foods filed in the United States District Court for the Southern District of Mississippi, Civil Action No. 3:10-CV-135 DPJ/KFB, Consolidated with Civil Action No. 3:11-CV-00391 CWR/LRA.

Management of Koch Foods wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. Koch Foods seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate based upon the gender, race, or national origin of an applicant or employee. Pursuant to the Equal Pay Act, it is unlawful to pay to an employee of one sex lower wages than are paid to an employee of the opposite sex for equal work for a job the performance of which requires equal skill, effort, and responsibility, and which is performed under similar working conditions. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Koch Foods respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Koch Foods reaffirms its commitment to complying with Title VII and the Equal Pay Act, in that it is our policy to prohibit all discrimination based on gender, race and national origin.

**You may report your concerns of discrimination, harassment or unequal treatment to Koch Foods' twenty-four hour employee hotline at [insert 1800 number here].**

**Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000.**

In compliance with federal law, no official at Koch Foods will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC.

This Notice shall remain posted for the term of three years.

Koch Foods of Mississippi, LLC

By:_____     _____
                                              Date